UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAN COSTALES | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 4:21-cv-2974 |
| v. | § | |
| | § | |
| MERC MEDICAL SUPPLY CO., INC., and | § | JURY DEMANDED |
| MARICEL LISING-PHAM, Individually | § | |
| | § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Van Costales, by and through his undersigned attorney of record, and sues Defendants Merc Medical Supply Co. Inc., and Maricel Lising-Pham (hereinafter referred to collectively as "Defendants"), and in support thereof would show unto this Honorable Court as follows:

### I.       PRELIMINARY STATEMENT

1.1.    Plaintiff brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2.    During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

### II.       PARTIES

2.1.    Plaintiff is an individual residing in Harris County, Texas.

2.2.    Defendant Merc Medical Supply Co. Inc. is a domestic corporation doing business in the State of Texas and maintains its principal office in Houston, Texas.  This Defendant can be

1

served with process by serving its registered agent for service of process, George Lising, 10518 Kipp Way Drive, Suite D, Houston, Texas 77099 or 3523 Anchor Cove, Richmond, Texas 77469.

2.3.    Defendant Maricel Lising-Pham is an individual residing in Texas and may can be served with process at 10518 Kipp Way Drive, Suite D, Houston, Texas 77099.

### III.    JURISDICTION AND VENUE

3.1.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

3.2.    Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.    FLSA COVERAGE

4.1.    At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

4.2.    At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3.    At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4.    At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.     FACTUAL ALLEGATIONS

5.1.     Plaintiff worked for Defendants jointly from approximately June 2019 to August 2021.

5.2.     Maricel Lising-Pham is an individual who is a supervisor at Merc Medical Supply Co. Inc.

5.3.     As a supervisor at Merc Medical Supply Co. Inc., Maricel Lising-Pham independently exercised control over the work situation of Plaintiff.

5.4.     Maricel Lising-Pham determined the wages to be paid to Plaintiff.

5.5.     Maricel Lising-Pham determined the hours to be worked by Plaintiff.

5.6.     Maricel Lising-Pham maintained the employment records of Plaintiff.

5.7.     Maricel Lising-Pham maintained the power to discipline Plaintiff.

5.8.     Maricel Lising-Pham maintained the power to hire and fire Plaintiff.

5.9.     Maricel Lising-Pham maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiff.

5.10.     Plaintiff was an hourly employee.

5.11.     Plaintiff was a nonexempt employee.

5.12.     Plaintiff regularly worked in excess of forty (40) hours per workweek (overtime hours).

3

5.13.    Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

5.14.    During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

5.15.    No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

## VI.    CAUSES OF ACTION:

### A.    VIOLATION OF FLSA 29 U.S.C. § 207
### UNPAID OVERTIME

6.1.    The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

6.2.    Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.3.    Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.4.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

6.5.    Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

6.6.    Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action.   Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

4

## B.    VIOLATION OF FLSA 29 U.S.C. § 215(a)(3)
## RETALIATION

6.7.    Prior to filing suit Plaintiff complained to Defendants that he has been illegallydenied proper overtime payment. In response, Plaintiff's employment was ultimately terminated.

6.8.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages including lost wages, emotional distress, punitive damages, and liquidated damages.

## VII.    JURY TRIAL DEMAND

7.1    Plaintiff demands a jury trial on all issues so triable.


## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

(a).    The Court assume jurisdiction of this cause and that Defendants be cited to appear;

(b).    The Court award damages to Plaintiff as specified above;

(c).    The Court award reasonable and necessary attorney's fees and costs; and

(d).    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.  Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: */s/ David G. Langenfeld*
**David G. Langenfeld**
Attorney-in-Charge
State Bar No. 11911325
LEICHTER LAW FIRM

1602 East 7th Street
Austin, TX  78702
Tel.:  (512) 495-9995
Fax:  (512) 482-0164
Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**